UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA PEACOCK,<br><br>Plaintiff,<br><br>v.<br><br>LIFEHEALTH LLC,<br><br>Defendant. | Case No. 2:24-cv-2939-JDP<br><br>ORDER |

    Plaintiff Victoria Peacock brings this wrongful termination action against her former employer, LifeHealth LLC. She alleges violations of the Family and Medical Leave Act ("FMLA"), California's Fair Employment and Housing Act ("FEHA"), and California's Labor Code. Defendant moves to dismiss. I will grant defendant's motion.

**Procedural Background**

    Plaintiff commenced this action in Sacramento County Superior Court. ECF No. 1. Defendant removed and filed a motion to dismiss on October 31, 2024. ECF No. 6. Plaintiff filed a first amended complaint on November 20, 2024. ECF No. 11. In light of the amended complaint, the court denied defendant's motion as moot. ECF No. 12. Defendant has now moved to dismiss the first amended complaint.

1  **Factual Allegations**

2  Plaintiff alleges in the amended complaint that she worked as a care coordinator for
3  defendant's non-clinical case management team in March 2022. ECF No. 11 at 2. That team
4  provided medical and dental non-clinical case support for the California Army National Guard.
5  *Id.* In May 2023, plaintiff took a leave of absence under the Family and Medical Leave Act
6  ("FMLA"); she returned to work on a part-basis on September 1, 2023. *Id.* Plaintiff was
7  terminated on September 29, 2023. *Id.* at 4.

8  When plaintiff returned to work in September, she had new manager, Sarah Gregory, who
9  allegedly "set out to terminate [p]laintiff for a variety of different reasons including, but not
10 limited to, [p]laintiff's race, [p]laintiff's past complaints about Labor Code violations and her
11 assistance in a government investigation of those complaints, and because of [p]laintiff's requests
12 for medical leave." *Id.* at 1. Plaintiff alleges that eight days after she returned to work, she
13 received an email from Gregory stating,

14
15         In regard to work - I wanted to let you know that I have not
           received any complaints etc. from SFC Adams in regards to your
           work. I know that it can be hard getting back into the work routine
           when you have been out as well as trying to heal from a major
16         injury. I would suggest that you continue to do to work, get your
           work done and then head home. Continue to do a great job at work
17         and don't let others interfere with it.

18 *Id.* at 3.

19 Plaintiff claims that defendant made disparaging comments about plaintiff's medical
20 leave, complained that plaintiff's medical leave made her unreliable, and, because of plaintiff's
21 prior complaints about Labor Code violations, blamed plaintiff for the company's obligations to
22 comply with Labor Code provisions. *Id.* at 2-3.

23 Plaintiff alleges that she is black and that the defendant favored individuals of Asian
24 descent, promoting them and paying them more than she did black employees. *Id.* at 2. She also
25 claims that defendant made statements suggesting that employees who dated black individuals
26 were considered to be "dating down," and that individuals dating other races were "dating up."
27 *Id.*

28

Plaintiff brings six causes of action:[1] wrongful termination under FEHA and FMLA, race discrimination and hostile work environment under FEHA, and retaliation under California Family Rights Act and California Labor Code section 246.5.

## Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d

---

[1] Plaintiff voluntarily abandoned her seventh cause of action, for violation of California Labor Code § 98.6. ECF No. 14 at 5 ("Peacock is abandoning Claim 7, 'Wrongful termination for Violation of Labor Code § 98.6.'").

3

at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## Discussion

Defendant moves to dismiss each of plaintiff's cause of action; however, since the complaint asserts that jurisdiction arises under 28 U.S.C. § 1331, and because plaintiff's sole federal claim is dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law claims.

The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided."  29 U.S.C. § 2615(a)(1).  "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies."  29 C.F.R. § 825.220(c).  The Ninth Circuit has held that "an employee may prevail on a claim that an employer interfered with her rights by terminating her in violation of [the] FMLA by showing . . . that her taking of FMLA protected leave constituted a negative factor in the decision to terminate her.  She can prove this claim, as one might any ordinary statutory claim, by using either direct or circumstantial evidence, or both.'"  *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1135-36 (9th Cir. 2003) (quoting *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001)).

As an initial matter, there appears to be some confusion as to the nature of plaintiff's FMLA claim.  *See* ECF No. 13 at 12-13.  However, in her opposition, plaintiff explains that she alleges only an interference claim, and not a retaliation claim, under the FMLA.  ECF No. 14 at 10; *see Xin Liu*, 347 F.3d at 1136 (citing *Bachelder*, 259 F.3d at 1124).  The allegations match this interpretation.  *See* ECF No. 11 at 2 (alleging that plaintiff's "new manager set out to terminate [p]laintiff . . . because of [p]laintiff's requests for medical leave"); *id.* at 2-3 (alleging that defendant's "management made disparaging comments about [p]laintiff's medical leave, claiming she was unreliable because she was on medical leave").

For an interference claim, the court must decide whether plaintiff has alleged sufficient facts to demonstrate that her FMLA leave was a negative factor in defendant's decision to

4

terminate. To support this claim, plaintiff points to the temporal proximity of her return from leave and her termination, as well as an assertion that her manager set out to terminate her because she used medical leave. ECF No. 14 at 10-11.

In support, plaintiff cites *Xin Liu* for the proposition that temporal proximity between a return from leave and termination supports an inference of unlawful interference.[2] *See Xin Liu*, 347 F.3d at 1137. However, in that case, the Ninth Circuit found that the plaintiff's claim was supported by more than just the temporal proximity of her return and termination. The court considered the supervisor's attitude towards the plaintiff's leave, the supervisor's repeated denials of the plaintiff's leave, and comments about the supervisor's increased workload due to the plaintiff's leave. *Id.*

Here, the twenty-eight-day gap between plaintiff's return and termination, standing alone, is insufficient to support her FMLA claim. Moreover, plaintiff's allegation that defendant's employee made disparaging remarks about plaintiff's leave is devoid of specifics. The complaint does not indicate when the comments were made, who made each comment, and does not point to anything else to support the inference that plaintiff's termination was a result of taking leave. Accordingly, plaintiff's FMLA claim is dismissed with leave to amend.

Plaintiff's remaining causes of action allege violations of California law. Because the amended complaint fails to establish diversity jurisdiction, the court's jurisdiction depends on whether the plaintiff asserts a claim arising under federal law.[3] *See* 28 U.S.C. §§ 1331, 1332. Having dismissed plaintiff's FMLA claim—the only federal claim—and after weighing the factors of judicial economy, convenience, fairness, and comity, the court declines to exercise supplemental jurisdiction over plaintiff's state-law claims and dismisses such claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction over

---

[2] Curiously, plaintiff also cites *Madick v. Presidio, Inc.*, 680 F. Supp. 3d 1135, 1148 (C.D. Cal. 2023). In that case, the court found that the plaintiff's temporal proximity argument unavailing. Plaintiff seems to rely on this case to show that the allegation of temporal proximity, standing alone, is sufficient to plead a FMLA claim. However, the *Madick* court addressed the plaintiff's other allegations that he claimed gave rise to his claim, including the allegation that the defendant breached an agreement and failed to engage in the interactive process. *Id.*

[3] The plaintiff only seeks $35,000 in damages. ECF No. 11 at 10.

claim where "court has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss, ECF No. 13, is GRANTED.

2. Plaintiff's FMLA claim is dismissed with leave to amend.

3. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

4. Plaintiff may file an amended complaint within thirty days. If plaintiff fails to do so, this action will be remanded back to the Sacramento County Superior Court.

IT IS SO ORDERED.

Dated:   April 9, 2025                                      _____
                                                            JEREMY D. PETERSON
                                                            UNITED STATES MAGISTRATE JUDGE